### ROSENTHAL v. PINE HILL CONSOL. MINING CO.*

(Circuit Court of Appeals, Ninth Circuit. November 4, 1907.)

#### No. 1,431.

EVIDENCE—BURDEN OF PROOF—NECESSITY OF COMPETENT EVIDENCE TO SUSTAIN.

In an action by a corporation against its agent to charge him with a balance of money advanced to him to be used for plaintiff and not accounted for, where the receipt of the sums alleged to have been so advanced was put in issue by defendant, the burden of proving such advances rested upon the plaintiff, and was not sustained by the introduction in evidence of defendant's account as shown on plaintiff's books, where its secretary testified that many of the debit items in such account were entered by him on hearsay and without any knowledge on his part as to their correctness; nor was the defendant in such case called upon to introduce evidence to impeach the correctness of such entries.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 116, 117.]

*Rehearing denied February 24, 1908.

In Error to the Circuit Court of the United States for the Northern District of California.

Edmund Tauszky, for plaintiff in error.

Bert Schlesinger and Peter A. Breen, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge. On September 27, 1904, the defendant in error commenced an action against the plaintiff in error to recover the sum of $9,410.61. It was alleged in the complaint that between September 28, 1901, and June 25, 1903, the defendant in error intrusted to the plaintiff in error, as its agent and superintendent, sums of money aggregating $44,066.15, to be expended for its use and benefit in the development of certain mining properties, and that said money had not been all so expended, but that $9,410.61 had been converted by the plaintiff in error to his own use. The answer admitted the receipt from the defendant in error of $43,544.24 and no more. It denied the conversion of any portion of the same by the plaintiff in error, and alleged that on July 22, 1903, an account was stated between the plaintiff in error and the defendant in error concerning the matters referred to in the complaint, and upon such statement it was found that the plaintiff in error was not indebted to the defendant in error in any sum whatever, but that, on the other hand, the latter was indebted to the former in the sum of $3,040.88, for which he demanded judgment. The jury returned a verdict against the defendant in this case for $9,310.61, upon which verdict judgment for that amount was entered in plaintiff's favor, the verdict being based upon the testimony of the company's secretary to the effect that that was the difference between the amount of money the company had intrusted to the defendant and the amount of his disbursements according to the vouchers and receipts returned by him. The court below held, on a motion made for a new trial, that the verdict was contrary to the evidence, saying in its opinion:

"The books of account were admitted in evidence. On page 52 of the ledger the debits are $36,345.69. The credits upon that page amount to $34,732.18. This shows a debit balance against the defendant of $1,613.51. On page 54 the defendant is charged $7,740.46 and is credited with $7,433, leaving a debit balance of $237.46. The $1,613.51 shown in the account of the defendant on page 52 and the $237.46 shown in his account on page 54, make a total of $1,850.97. I have concluded that the plaintiff is entitled, upon the proofs, to this amount, and no more. I quote from the testimony of J. Frank Mase as follows: 'Q. Do Plaintiff's Exhibit 412 and Plaintiff's Exhibit 411 contain the entries of each item for which you claim money was sent to the defendant? A. Yes. Q. Do those books contain entries of each item which was paid out by the defendant, and for which you claim you never received a receipt? A. Yes.' This testimony was supplemented by that of the defendant, who testified that he reported all the amounts paid out by him to the secretary at New York. The books, then, supplemented by the testimony of these two witnesses, were sufficient evidence to justify the jury in finding the amount above specified. Unless the plaintiff, by its attorneys, within five days, shall remit so much of the verdict as is in excess of $1,850.97, a new trial will be granted. Upon it being made to appear that the plaintiff has remitted all over and above that amount within the time aforesaid, judgment will go for the plaintiff for the amount specified."

The judgment that had been entered upon the verdict was accordingly set aside and a judgment entered as directed by the court. The difficulty is that the uncontradicted testimony of the company's secretary is that a substantial amount of the debit items were entered by him in the books of the company against the defendant solely upon the unsworn statement of third persons that they had paid to him certain moneys for the company. The secretary knew nothing about the matter, and did not pretend to know anything. The defendant by his answer brought those debits in issue. It is true that this hearsay testimony was admitted without objection, and that the plaintiff in error in testifying in his own behalf made no denial of the receipt of the money, and made no reference to that branch of the case, but we are of the opinion that in the absence of some probative proof against him he was not called upon to adduce testimony upon the issue so raised. In Wigmore on Evidence, § 290, it is said:

"The opponent whose case is a denial of the other party's affirmation has no burden of persuading the jury; and therefore, until the burden of producing testimony has shifted, he has no call to bring forward any evidence at all, and may go to the jury trusting solely to the weakness of the first party's evidence. Hence, though he take a risk in so doing, yet his failure to produce evidence cannot at this stage afford any inference as to his lack of it; otherwise the first party would be evading his legitimate burden. This distinction has been recognized and is unquestionable; but it has been little developed in its application."

This doctrine is sustained in Brill v. St. Louis Car Co. (C. C.) 80 Fed. 909, and State Bank v. Wooddy, 10 Ark. 640.

The judgment is reversed, and the cause is remanded for a new trial.